UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHEN ZHAO and GANG ZHU,                    :
                                           :
                    Plaintiffs,            :
                                           :             **MEMORANDUM & ORDER**
          -against-                        :             07-CV-4576 (DLI) (JMA)
                                           :
MICHAEL CHERTOFF, *et al.*,                :
                                           :
                    Defendants.            :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs, who are married to each other, are natives and citizens of China. Mr. Zhu entered the United States on December 22, 1995, on an "F-1" visa. (Gov't Mem. at 1.) Ms. Zhao entered the United States on September 2, 1997, on a "J-1" visa. (R. 108, 247.)[1] On June 8, 2005, Michael Kang Architect, P.L.L.C. ("Kang Architect") filed an application for permanent employment (Form E.T.A. 9089) with the Department of Labor, naming Ms. Zhao as the beneficiary. (R. 202-11.) On or about September 12, 2005, Kang Architect filed an immigrant petition for alien workers (Form I-140) on behalf of Ms. Zhao. (R. 184-86.) On her own, Ms. Zhao also filed an application for status adjustment, commonly referred to as a "Section 245(i) adjustment" (Forms I-485, I-485A) (R. 97-103), naming Mr. Zhu as a derivative beneficiary. (R. 99.) United States Citizenship and Immigration Services ("CIS") approved the Form I-140 application (R. 184). CIS rejected Ms. Zhao's application for a Section 245(i) adjustment on the ground that she failed to produce any evidence that she had maintained lawful status in the United States since her arrival in this country or maintained her eligibility for a Section 245(i)

---

[1] "R." refers to the administrative record of the Citizenship and Immigration Services proceedings for Ms. Zhao.

adjustment. (R. 93-95.) CIS also denied Mr. Zhu's application for a Section 245(i) adjustment as his application was derivative of hers.

Plaintiffs filed the instant action on November 1, 2007, pursuant to the Administrative Procedures Act, 5 U.S.C. § 551 and the Mandamus Act, 28 U.S.C. § 1361, seeking (i) a declaration that the review of plaintiffs' adjustment applications was improper and, as carried out by CIS, violated the plaintiffs' Fifth Amendment procedural due process rights, among other rights, and (ii) a writ of mandamus directing CIS to reverse its denial of their applications. (Compl. ¶ 1.) On January 30, 2008, DHS issued notices to appear (Form I-862) to the plaintiffs, thereby commencing removal proceedings. (Kolbe Decl. ¶ 5; Kolbe Decl. Ex. C.) Shortly thereafter, defendants filed the instant motion, moving to dismiss this action for lack of subject-matter jurisdiction. (*See* Def.'s Notice of Motion, Docket Entry No. 20.) In particular, defendants contend that the court lacks subject-matter jurisdiction as (i) plaintiffs failed to exhaust their administrative remedies, and (ii) the exclusive forum for challenging the denial of a Section 245(i) adjustment is the United States Court of Appeals where the alien resides. Plaintiffs oppose dismissal, contending that they should be excused from the exhaustion requirement as they will suffer irreparable harm if the court does not review their appeal, and the complaint raises substantial constitutional claims. For reasons set forth more fully below, the court grants defendants' motion to dismiss.[2]

**DISCUSSION**

In resolving a Rule 12(b)(1) motion to dismiss, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in plaintiff's favor. *See*

---

[2] Alternatively, the defendants moved to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court declines to address this portion of the defendants' brief and the plaintiffs' corresponding opposition as the lack of subject-matter jurisdiction is dispositive.

*Gannino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir. 2000); *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Additionally, a court may refer to evidence outside the pleadings, such as affidavits or documents, without converting the motion to one for summary judgment. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiff bears the burden of establishing subject-matter jurisdiction. *See id.*

Under the doctrine of exhaustion of administrative remedies, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995) (citing *Guitard v. United States Secretary of Navy*, 967 F.2d 737, 740 (2d Cir. 1992)). "If a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist." *Id.*

Under Section 245 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1255, the Attorney General has the authority to adjust the immigration status of an alien. Pursuant to the regulations promulgated under § 1255, an alien seeking a status adjustment must file an application with CIS, *see* 8 C.F.R. § 245.2(a)(1); however, once CIS commences deportation proceedings, "the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status . . . ." 8 C.F.R. § 1245.2(a)(i). An immigration judge has exclusive jurisdiction, even if the alien in question filed a federal action prior to CIS's commencement of removal proceedings. *See Jian Li & Ying Xue v. Chertoff*, 07-CV-3836, 2007 WL 4326784, at *2-6 (E.D.N.Y. Dec. 7, 2007) (holding that the court lacked subject-matter jurisdiction even though CIS did not commence removal proceedings until after the plaintiffs initiated their federal action). In such cases, it is true that this avenue of administrative review—review by the immigration judge—was not available at the time the alien

commenced the federal action; however, CIS's act of commencing a removal proceeding deprives federal courts of jurisdiction by "opening avenues of administrative relief that were not [previously] available." *Jian Li & Ying Xue*, 2007 WL 4326784, at *2; *see also*, *Prasad v. Quarantillo*, 06-CV-12900 (WHP), 2008 WL 5191232, at *1 (S.D.N.Y. Dec. 2, 2008) ("Once CIS begins removal proceedings, this Court is deprived of subject matter jurisdiction over challenges to adjustments of status.") Federal district courts must dismiss such actions to allow the parties to exhaust available administrative remedies.

Turning to the instant action, plaintiffs do not dispute that CIS commenced removal proceedings against them on January 30, 2008. Thus, plaintiffs now have the ability to renew their adjustment applications for *de novo* consideration before the immigration judge in removal proceedings. They may then appeal any adverse decision to the Board of Immigration Appeals, and then to the Second Circuit. Plaintiffs must pursue their claims through this framework unless they establish one of the exceptions to the exhaustion requirement. *See, e.g.*, *Gadria v. Gantner*, 05-CV-6621 (NRB), 2008 WL 650369, at *3 (S.D.N.Y. Mar. 6, 2008). Exhaustion is not required when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional [question]." *Howell*, 967 F.2d at 740 (citing *Guitard*, 967 F.2d at 741).

Plaintiffs do not contend that either the first or third exceptions are applicable. Plaintiffs do, however, argue that the second exception—irreparable harm—is applicable. Plaintiffs sent their baby, a United States citizen, to China to live with relatives because their uncertain immigration status left them psychologically distraught, and further, because the time devoted to administrative proceedings coupled with their full-time employment left no time to care for their

baby. Plaintiffs contend that any order directing them to pursue their adjustment claims administratively will leave them unable to care for their baby, which thereby operates as a denial of re-entry to the baby in violation of various federal constitutional and statutory rights. This argument for an exception based on irreparable harm is without merit. The plaintiffs voluntarily sent their child to China, thereby creating the parent-child separation that they now offer as justification for the court to retain jurisdiction of the instant action. Retaining jurisdiction on this ground would create improper incentives for similarly situated parties. Further, it is unclear whether separation between family members is a sufficient justification. In *Howell*, the Second Circuit affirmed dismissal, holding that an alien applicant, who was married to a United States citizen, would not suffer irreparable harm if required to pursue her adjustment claim in a removal proceeding rather than federal court. *See Howell*, 72 F.3d at 291. In the instant action, plaintiffs failed to establish irreparable harm.

Finally, plaintiffs contend that the fourth exception is applicable, *i.e.*, that the complaint raises a substantial constitutional question. In their complaint, plaintiffs contend that the manner in which CIS resolved their applications violated their Fifth Amendment procedural due process rights and that this violation of a constitutional right provides this court with a ground for retaining jurisdiction over the instant action. This contention, too, lacks merit. There is no cognizable "Fifth Amendment due process claim on adjustment proceedings or other analogous discretionary benefit hearings." *Gadria*, 2008 WL 650369, at *4. Thus, neither asserted exception justifies this court's retention of jurisdiction.

## CONCLUSION

For all the reasons state above, defendant's motion to dismiss is granted in its entirety.

SO ORDERED

DATED: Brooklyn, New York
March 15, 2009

_____/s/_____
Dora L. Irizarry
United States District Judge